Gheen J.
delivered the opinion of the court.
This judgment, the plaintiff in error insists is erroneous upon' two grounds, viz:
, 1. Because, by the act of 1809, ch. 60, sec. 1, the security to a bail bond is not authorized, to have judgment against the principal upon the rendition of judgment against him. „
2. That the plaintiff’s remedy was barred by. the statute of limitations.
As to the first objection, nothing is clearer than-that the security in a bail bond is included in the terms of the act of 1S09. - It says, “in all cases where judgment may *422 be rendered against any person or persons, or the heirs or representatives oi any person or persons, who was security in any note, bill, bond, or obligation, it shall and may he lawful for such security or securities, his, her, or their representatives, to obtain judgment by motion, against his, her, or their principal obligor or obligors, or their representatives, for the full amount of such judgment and costs, before any jurisdiction having cognizance thereof, and execution shall issue accordingly.” To bring the present case within this enactment, the only inquiries are, whether the hail piece is a “bond or obligation,” and the bail “securities.” By the act of 1794, ch. 1, sec. 11, the sheriff was required, where he executed a writ, to “take bond wiih two sufficient securities;” so that it is seen, the present case is within the very words of the act of 1809.
But it is insisted, that as the act of 1801, ch. 15, sec. 1, made a similar provision, where the money had been paid by a security, to that which is made by the act of 1809, when a judgment has been obtained against him; and that as the 4th section of that act makes a distinct provison for securities in a bail bond, the act of 1809, although including in its words, securities in a hail bond, ought to be construed as not intending to embrace them. This construction is not supported by authority or by reason. If the legislature in 1801, from over-caution or ignorance of the import of language, repeated in the 4th section a provision already contained in the first, it is surely no reason why the legislature in 1809 shall not be understood as meaning what their words import. The same over-caution was exhibited in the case of Ferrel vs. Finch, (a) dependant upon the construction of these same statutes. By the act of 1801, it is expressly required, that when a judgment is moved for by a security, in a court other than that in which the judgment against him was rendered, a copy of the record of such judg *423 ment, duly authenticated, should be produced in evidence. , . , , . , 1 , . , , , INow this copy ol the record is the only evidence which could be legally received, if the act of' 1801 had said nothing about it; and the legislature being sensible of this, do not repeat this provision, but leave the court to act upon the known rules of evidence.
2. The second objection, that the statute of-limitations is a bar to this recovery, cannot be sustained. Without saying any thing about the form of action, and whether the statute of limitations, in a court of law, applies to any case unless it be embraced in some one of the forms of action enumerated in the act of 1715; it is enough in this case to remark, that the act of 1809, by virtue of which, this motion was made, predicates the right of a security to move for, and to obtain a judgment against his principal, upon the fact, that there is a judgment against him as security. So long, therefore, as there shall remain an unsatisfied judgment against the security, so long the right to his judgment, by motion, against the principal continues; and these facts existing, no length of time from the rendition of the judgment against the security, will bar his remedy given by the act of 1809. Let the judgment be affirmed.
Judgment affirmed.

 Reported page 432.